**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **JACOB SCOGGINS,** | ) | |
| **DAN SCOGGINS, and** | ) | |
| **DEBBIE SCOGGINS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:10-cv-1157** |
| | ) | |
| **LEE'S CROSSING HOMEOWNERS** | ) | |
| **ASSOCIATION and JACK H.** | ) | |
| **MERRITT, JR., an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFEDANTS' ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, Lee's Crossing Homeowners Association and Jack H. Merritt, Jr.,

collectively, by counsel, and pursuant to Federal Rule of Civil Procedure 12(a)(4)(a),

state as follows in response to Plaintiffs' First Amended Complaint:

<u>JURISDICTION AND VENUE</u>

1.      Paragraph 1 states a legal conclusion to which no response is required.  To

the extent a response is required, the allegations contained in Paragraph 1 are denied.

2.      Defendants deny the allegations in Paragraph 2.  Defendants have not

denied a valid request for a reasonable modification or accommodation and,

consequently, this action is not yet ripe.  Because no denial of the objects of this litigation

(i.e., the access ramp and ATV exemption) has ever been made, Plaintiffs have not

suffered a legal injury, and this court does not have subject-matter jurisdiction.[1]

---

[1] Defendants previously raised this objection in their Motion to Dismiss the Complaint and Motion to
Dismiss the First Amended Complaint [Docket Nos. 7 & 18].  The Court heard oral arguments on the

3.      Defendants admit the allegations in Paragraph 3.

PARTIES

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 6, and therefore deny the same.

7.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 7, and therefore deny the same.

8.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 8, and therefore deny the same.

BACKGROUND

9.      Defendants admit that, "in 1998 Defendant Merritt subdivided his family's farm and created Lee's Crossing."  Defendants deny the remaining allegations of Paragraph 9.  Merritt has not retained complete control of either the LCHA Board or the Architectural Review Board, as these are both multi-member bodies that are not run by any one individual.

10.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 and footnote 2 associated therewith, and therefore deny the same.

11.      Defendants deny the allegations in Paragraph 11.  By way of further response, Defendants assert that Plaintiffs produced the idea of constructing a ramp in their garage and did so without any approvals, as none were required.

Motion [18] on Friday, December 10, 2010, and issued its denial of the Motion that same day [Docket No. 31].  Defendants note their objection to this ruling for the record and for the reasons set for their Memorandum in Support of Their Motion to Dismiss the First Amended Complaint [Docket No. 19].

12.     Defendants deny the allegations in Paragraph 12.  By way of further response, Defendants assert that Plaintiffs produced the idea of constructing a ramp in their garage and did so without any approvals, as none were required.

13.     Defendants deny the allegations in Paragraph 13.  By way of further response, Defendants assert that Plaintiffs produced the idea of constructing a ramp in their garage and did so without any approvals, as none were required.  There was never an outburst or alarm as claimed.

14.     Defendants deny the allegations in Paragraph 14.  By way of further response, Defendants assert that Plaintiffs produced the idea of constructing a ramp in their garage and did so without any approvals, as none were required.

15.     Defendants deny the allegations in Paragraph 15, and footnote 3 associated therewith.  By way of further response, Defendants assert that Plaintiffs produced the idea of constructing a ramp in their garage and did so without any approvals, as none were required.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that, at a point in time, the LCHA Board became a five-member body.  Defendants deny all remaining allegations in Paragraph 17.

18.     Defendants admit that Plaintiffs were cited for various violations of the agreed-upon covenants concerning their property, and that Plaintiffs were instructed that, if they wished, they could attend the April 19, 2007, LCHA Board member to refute the citation(s).  All remaining allegations and innuendo in Paragraph 18 and footnote 4 associated therewith are denied.  The vehicle violation entailed multiple vehicles (up to 12, including commercial vehicles) parked on site which far exceeded other lot owner's

numbers.   This included inoperative vehicle(s) being worked on while elevated on jacks outside of Defendants' home.

19.      Defendants admit that the referenced meeting took place in front of the five-member LCHA Board, and that Merritt's wife was a member of the LCHA Board in April, 2007, as were three other Lee's Crossing homeowners that were elected by the community, which created a five-member body.  Defendants deny all remaining allegations in Paragraph 19.   There was no attorney present who was asked to leave. There was much discussion and many questions by the various board members on the various violations, including a potential violation associated with Plaintiffs alleged operation of a puppy mill.

20.      Defendants deny the allegations in Paragraph 20.  As a result of the hearing which cited an excessive number of motor vehicles on site, Plaintiffs elected to submit a full and complete application to the ARB presenting a plan to reduce the visual impact of these vehicles upon the neighbors.  Plaintiffs ultimately chose to plant the trees.

21.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 21, and therefore deny the same.

22.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 22 and footnote 6 associated therewith addressed to the cost and height of the trees that Plaintiffs planted, and therefore deny the same.  By way of further response, Defendants deny all remaining allegations in Paragraph 22, and assert that Plaintiffs were afforded three options in this regard:  (i) comply with the binding, enforceable covenants to which they agreed, (ii) subject themselves to valid fines for their refusal to comply with the binding, enforceable covenants to which they agreed, or (iii)

plant the trees to obscure the view of their ongoing violation of the binding, enforceable covenants given the complaints of others. The ultimate choice was Plaintiffs' alone to make on how to reduce the visual impact of these excessive number of vehicles upon the neighbors. They presented, and in May the ARB approved, a plan; Plaintiffs did not, however, implement the approved plan prior to the commencement of the fine period.

23.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 23, and therefore deny the same. At no point were any informal, personal conversations brought to Defendants' attention, nor were such alleged private conversations ever couched as requests for modification or accommodation, if indeed such conversations ever actually took place.

24.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 24, and therefore deny the same. By way of further response, Defendants assert that when Plaintiffs first requested an ATV exemption for Jacob Scoggins on or about May, 2009, information sufficient to respond to Paragraph 24 was requested by Defendants, but to this day, Plaintiffs have failed to provide any of this information. Additionally, when Plaintiffs first requested an exemption for Jacob Scoggins's use of an ATV on or about May, 2009, Plaintiffs described him as a "quadriplegic." In the Complaint and First Amended Complaint, he is described as a "partial quadriplegic." (Am. Compl. ¶ 6.)

25.     Defendants deny the allegations in Paragraph 25. By way of further response, Defendants assert that in response to a Memorandum that Mike Arndt, Property Manager, transmitted in the spring of 2009, Plaintiff Debbie Scoggins contacted Mr. Arndt regarding an exemption to the community prohibition on ATV use for the benefit

of her son, Jacob Scoggins.  Plaintiffs were invited to attend an LCHA Board meeting to discuss this request, but they failed to attend.  At a subsequent LCHA Board meeting, two members were tasked with gathering information regarding Jacob Scoggin's ability to operate the ATV safely.  In response to requests to meet with Plaintiffs for purposes of addressing safety concerns and assessing risks associated with the requested ATV exemption, Plaintiffs stonewalled the LCHA Board members while not providing any licenses, certifications, or "safety determinations," and refused to respond to their reasonable requests for information.

26.     Defendants deny all allegations in Paragraph 26.  These allegations are spurious and lack any good faith basis.  Defendant Jack Merritt has been a Volunteer Paramedic for 30 years and has been recognized within the community for his valued service to all its residents.  This has been evidenced by numerous, peer-bestowed awards, including the prestigious Clarke Deener Award and induction into the coveted Loudoun County Fire and Rescue Hall of Fame.  As a by-product of his expertise and long-standing service to the disadvantaged, handicapped, and other residents of the community, Defendant Jack Merritt is qualified to train and evaluate new Emergency Medical Technicians and National Registry Paramedics.  In light of these contributions, any allegation that he ever made derogatory remarks about a handicapped child warrants a particularized, vehement denial.

27.     Defendants deny the allegations in Paragraph 27.  By way of further response Defendants assert that they evaluated and responded to the only pending request for an exterior ramp on a timely basis in accordance with the covenant guidelines.  Included with Defendants' timely response were instructions to Plaintiffs to guide their

completion of the ARB application, such that Defendants would then possess all information necessary to ensure compliance with ARB guidelines and grant Plaintiffs' request. Plaintiffs commenced this action prior to receiving Defendants' response to their request for an exterior ramp presented for a decision. In fact, Plaintiffs filed this action a mere 23 days after they submitted their essentially blank application to Defendants, and seven days before Defendants' response was arguably due to Plaintiffs.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

<u>COUNT I – VIOLATION OF THE FAIR HOUSING ACT</u>

30. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 29 as if fully set forth here.

31. The allegations in Paragraph 30 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

32. The allegations in Paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

33. The allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

34. The allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

35.     The allegations in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

36.     The allegations in Paragraph 35 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

37.     Defendants deny the allegations in Paragraph 36, and assert that, at all times relevant to this action, they acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.  Defendants state that Plaintiffs have not suffered any damages as a result of any acts or omissions by Defendants, and deny that Plaintiffs are entitled to any relief whatsoever.

38.     Defendants deny the allegations in Paragraph 37, and assert that, at all times relevant to this action, they acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.  Defendants state that Plaintiffs have not suffered any damages as a result of any acts or omissions by Defendants, and deny that Plaintiffs are entitled to any relief whatsoever.  The ATV waiver exception can bring potential harm and pose a direct threat to the health and safety of both Jacob Scoggins and the other residents of Lee's Crossing.  The community was created as an Equestrian Community with trails along all the roads, and the potential for harm is clear when you mix unabated ATV use with very unpredictable mounted animals.

39.     Defendants deny the allegations in Paragraph 38, and assert that, at all times relevant to this action, they acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.  Defendants state that Plaintiffs have not suffered

any damages as a result of any acts or omissions by Defendants, and deny that Plaintiffs are entitled to any relief whatsoever.

40.     Defendants deny the allegations in Paragraph 39, and assert that, at all times relevant to this action, they acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.  Defendants state that Plaintiffs have not suffered any damages as a result of any acts or omissions by Defendants, and deny that Plaintiffs are entitled to any relief whatsoever.

41.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40.

42.     Defendants deny that they are liable for any of the claimed damages and other relief set forth in the "WHEREFORE" clause immediately following Count I of the First Amended Complaint.  Defendants further state that the "WHEREFORE" clause immediately following Count I of the First Amended Complaint contains only conclusory assertions of Plaintiffs' litigation aspirations to which no response is required.  Finally, Defendants state that Plaintiffs have not suffered any damages as a result of any acts or omissions by Defendants, and deny that Plaintiffs are entitled to any relief whatsoever.

43.     Defendants deny all allegations that are not specifically admitted in the foregoing numbered paragraphs.  To the extent an allegation in the First Amended Complaint has not yet been addressed by this Answer, any such allegation is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants deny that they are liable to Plaintiffs in any way or for any amount

whatsoever.

## Second Affirmative Defense

Defendants assert the First Amended Complaint fails to state a claim upon which relief may be granted.

## Third Affirmative Defense

Defendant Merritt is entitled to dismissal (pursuant to Fed. R. Civ. P. 12(b)(6)) based on the absence of any allegations levied against him in his individual capacity.

## Fourth Affirmative Defense

Defendants state that this court lacks subject-matter jurisdiction for the reasons asserted in their Motion to Dismiss the Complaint and Motion to Dismiss the First Amended Complaint [Docket Nos. 7 & 18], namely because Plaintiffs have not suffered a cognizable, legal injury under the FHA.

## Fifth Affirmative Defense

Defendants intend to rely upon the defenses, as may be developed through discovery and the evidence, that Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, or are precluded by the relevant statute or statutes of limitations, especially Paragraphs 11-24 of the First Amended Complaint.

## Sixth Affirmative Defense

Defendants state that, to the extent that any of Plaintiffs' claims arise out of conduct which occurred more than two years prior to the filling of this action, such claims are barred.

### Seventh Affirmative Defense

Defendants assert that they did not deny Plaintiffs' alleged requests for modification or accommodation.

### Eighth Affirmative Defense

Defendants have not engaged in a discriminatory practice or practices with malice of reckless indifference to the federally protected rights of Plaintiffs, thus punitive damages are not appropriate.

### Ninth Affirmative Defense

Plaintiffs have not suffered any damages.

### Tenth Affirmative Defense

Defendants and their agents, at all times relevant to this action, acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.  Defendants acted only in good faith and have not violated any rights that may be available to Plaintiffs under any applicable rule, law, regulation, or guideline.

### Eleventh Affirmative Defense

Defendants state that Plaintiffs lack any credible evidence that its proffered reasons for taking the actions on which Plaintiffs base this action are false, and that discrimination in violation of the Fair Housing Act is the real reason for such actions.

### Twelfth Affirmative Defense

Defendants state that any actual violation of the Fair Housing Act was in good faith, and that it had reasonable grounds to believe that its actions were not in violation of any federal discrimination statute.

## Thirteenth Affirmative Defense

Defendants asserts that Plaintiffs are not entitled to recovery of all the benefits and damages they seek under the Fair Housing Act.

## Fourteenth Affirmative Defense

Defendants reserve the right to amend this Answer as additional facts may be discovered in the course of this litigation.

WHEREFORE, Defendants, Lee's Crossing Homeowners Association and Jack H. Merritt, Jr., collectively, by counsel, respectfully request that the First Amended Complaint be dismissed in its entirety, and that it be awarded all such costs and fees to which it may be entitled under law.

Respectfully submitted,

LEE'S CROSSING HOMEOWNERS ASSOCIATION
and JACK H. MERRITT, JR.

By: ____/s/ Scott H. Jones____

Dated: December 27, 2010

Scott Hunter Jones (VSB No. 78648)
Vijay K. Mago (VSB No. 40531)
LeClairRyan, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street  P.O. Box 2499
Richmond, VA  23218-2499
Phone: (804) 916-7158
Fax: (804) 916-7258
scott.jones@leclairryan.com
vijay.mago@leclairryan.com

*Counsel for Lee's Crossing Homeowners Association
and Jack H. Merritt, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2010, I electronically filed

Defendants Lee's Crossing Homeowner's Association and Jack H. Merritt's Answer with

the Clerk of Court via the CM/ECF system, which then sent a notification of such filing

to the following:

Charles D. Ferguson (Fl. Bar No. 0741531)
De La O, Marko, Magolnick & Leyton
3001 S.W. 3rd Avenue
Miami, Florida  33219
Telephone: (305) 285-2000
Fax: (305) 285-5555
ferguson@dmmllaw.com

and

Elizabeth S. Vaughan (VSB No. 65900)
241K Loudoun St. S.W.
Leesburg, VA  20175
Telephone: (202) 494-1354
Fax: (206) 309-0891
evaughan@vaughanfirm.com

This ___ day of December, 2010.


Respectfully submitted,

LEE'S CROSSING HOMEOWNERS ASSOCIATION
and JACK H. MERRITT, JR.


By: ____/s/ Scott H. Jones____

Dated: December 27, 2010

Scott Hunter Jones (VSB No. 78648)
LeClairRyan, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street  P.O. Box 2499

Richmond, VA  23218-2499
Phone: (804) 916-7158
Fax: (804) 916-7258
scott.jones@leclairryan.com

*Counsel for Lee's Crossing Homeowners Association*
*and Jack H. Merritt, Jr.*