

SEP 2 9 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JACOB SCOGGINS, DAN SCOGGINS,       )
and DEBBIE SCOGGINS                  )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )        Civil Action No.: 1:10-cv-1157-LO
                                     )
LEE'S CROSSING HOMEOWNERS            )
ASSOCIATION,                         )
&                                    )
JACK H. MERRITT, JR.                 )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION

This case comes before the Court on Plaintiffs' Motion for Partial Summary Judgment

(Dkt. No. 63) and Defendants' Motions for Summary Judgment (Dkt. No. 71, by Defendant

Lee's Crossing Homeowners Association ("HOA")); (Dkt. No. 74, by Defendant Jack Merritt

Jr., ("Merritt")). For the reasons explained herein, the Court finds in favor of Defendants and by

accompanying Order, enters Summary Judgment in favor of the Defendants and denies

Plaintiffs' Partial Summary Judgment Motion.

This case is a housing disability discrimination action brought under the Fair Housing

Amendments Act ("FHAA"), 42 U.S.C. §§ 3601 *et seq*. (2006). The (amended) complaint

alleges that the Defendants failed to make reasonable accommodations and modifications to meet

the needs of a resident with a disability.[1]

---

[1] The complaint also alleged retaliation in violation of 42 U.S.C. § 3617. Plaintiffs voluntarily withdrew this claim
and therefore it will not be addressed here.

**Background**

The case arises from a dispute between the Scoggins family and the homeowners association of the development where the family owns a custom-built home. Plaintiff Jacob Scoggins ("Jacob") is a wheelchair user and drives a hand-controlled automobile. Plaintiffs Dan and Debbie Scoggins are Jacob's parents. The Scogginses have owned their home within the Lee's Crossing subdivision ("Lee's Crossing" or "the subdivision") since 2002. All property owners in Lee's Crossing are required to abide by the rules of the homeowners association and certain protective covenants. The covenants require owners to obtain approval for any and all changes made to the appearance of the property by obtaining approval from an Architectural Review Board ("ARB"). When the family built the home, they requested design changes so that Jacob, then 12 years old, would have access to the home, including a walk-out basement, which would facilitate entering and exiting the home in a wheelchair. The ARB granted the request for a walk-out basement and the home was so constructed. The family installed a wheelchair ramp in the attached garage to facilitate wheelchair access.

Thereafter, in approximately 2003 and 2007, Plaintiffs allege that they verbally requested permission on a number of occasions to construct a wheelchair access ramp on the front side of the home leading to the front door, but that their requests were met with negative responses or were ignored. Defendants deny that they received these requests.

A. Ramp Request

In August 2010, a subsequent request was made in writing via an email from Debbie Scoggins to Mike Arndt, a representative of the HOA. The email stated "[p]lease consider this email as another request for a reasonable accommodation to allow us to proceed with the accessible ramp" (Plaintiffs' Ex. X). Plaintiffs subsequently, in September 2010, submitted a

written application for the ramp to be added to the front of the home, pursuant to the Protective

Covenants of Lee's Crossing. Paragraph 9 of the Protective Covenants states

> All construction in Lee's Crossing must be approved by the Architectural Review
> Board prior to commencement of construction. Owners shall submit written
> application to the board for approval, together with detailed plans and
> specifications, which clearly illustrate the style, size, materials and colors of all
> proposed construction. In addition, each application shall include drawings
> depicting changes to existing topography (both cut and fill) and proposed
> landscape improvements.

Lee's Crossing Corrected Third Amended and Restated Declaration of Protective Covenants ¶ 9

(Plaintiffs' Ex. B). The application submitted in September 2010 did not include much of the

required information. Within the 30 days permitted by the Protective Covenants, a representative

of the Architectural Review Board (ARB) responded to the application by asking for more

details about the planned ramp and offering to come to the Scogginses' home to obtain the

needed information. In the email dated September 22, 2010, John Bennett as a liaison to the

HOA told the Scogginses "I am going to find out exactly what is needed in order to get this

approved for you." (Defendants' Ex. 12).  Plaintiffs declined to allow Mr. Bennett to visit their

home, as he was not a member of the ARB. Subsequently, on October 18, 2010, after Plaintiffs

filed this suit on October 13, 2010, the ARB responded with a written list of information needed

to process the ramp request and also denied the application as incomplete. The parties represent

that the information has never been provided.

B.  ATV Request

On May 19, 2009, Debbie Scoggins sent an email to the HOA requesting an exception to

the covenant's prohibition against the use of all-terrain vehicles ("ATV"s) on the common

private roads of the community. The email requested permission for Jacob to use an ATV to

travel to and from a neighbor's house, and "if a problem should ever arise" for his non-disabled

brother to use the ATV to assist Jacob. The email indicated that Jacob "is a quadriplegic and uses

3

other means to move around in the neighborhood as he is unable to walk." (Plaintiffs' Ex. C).

Plaintiffs claim that they never received any response, request for further information, or formal

denial of the May 2009 ATV request. Defendants assert that attempts were made to reach out to

the Scogginses to obtain more information but that the Scogginses failed to respond. Further, the

LCHA Board members discussed the ATV request at public meetings held on July 14, 2009, and

September 17, 2009, but reached no decision.  The Scogginses submitted a second written

request in August 2010.

In the second written request, via an email dated August 26, 2010, Debbie Scoggins

referred to her previous request, stating "I requested a reasonable accommodation and special

permission for the use of an ATV for my son Jacob and I have not heard from you nor the

HOA." (Plaintiffs' Ex. X). This correspondence generated a written response from the HOA in

the form of an e-mail to the Scogginses on September 11, 2010, wherein the board sought

additional information. The Plaintiffs deny getting this e-mail and subsequently filed suit on

October 13, 2010.

C. Relief Sought.

Plaintiffs' Motion for Partial Summary Judgment asks for judgment in their favor as to

liability for failure to provide reasonable accommodations and modifications, and an order to

Defendants to allow Plaintiffs the requested accommodations "free from all conditions and

requirements not required by law." Plaintiffs argue that Merritt can be held personally liable

because he personally participated in or ratified discriminatory conduct related to the reasonable

accommodation and modification requests.

Defendants move for summary judgment arguing that Plaintiffs cannot make out a *prima*

*facie* claim for violation of the FHAA on either the accessibility ramp request or the ATV

request and cannot maintain the claim against Defendant Merritt personally. Defendants first argue that the statute of limitations bars any claims in this suit occurring prior to October 13, 2008, pursuant to the two-year statute of limitations imposed by the FHAA. *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice"). Second, the Defendants argue that the case is not ripe because the association has not decided upon the requested accommodations and the Scogginses have not completed the process. Third, the Defendants argue that the requests do not meet the standard of "reasonable and necessary" in order to prevail on their claims. In addition, Defendant Merritt argues that he cannot be held individually liable under the standard espoused in *Meyer v. Holley*, 573 U.S. 280 (2003) (holding that ordinary rules of vicarious liability apply to FHAA claims). Defendants maintain that Plaintiffs have presented no evidence to support a claim that Merritt individually engaged in discriminatory conduct.

## **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to a material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S.

at 247-48. A fact is material if it will affect the outcome of the suit, as determined by the

substantive law governing the dispute. *Anderson*, 477 U.S. at 248. A "genuine" issue concerning

a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a

verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the

nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate specific facts showing that there is a

genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).


### Federal Housing Law


The amendments to the Fair Housing Amendments Act ("FHAA") forbid discrimination

in the provision of services or facilities in connection with a dwelling against any person because

of a handicap or any person associated with a handicapped person. *See* 42 U.S.C. §§ 3601-3631.

The FHAA defines unlawful discrimination as "a refusal to make reasonable accommodations in

rules, policies, practices, or services, when such accommodations may be necessary to afford

such person equal opportunity to use and enjoy a dwelling," 42 U.S.C. § 3604(f)(3)(B), and "a

refusal to permit, at the expense of the handicapped person, reasonable modifications of existing

premises occupied or to be occupied by such person if such modifications may be necessary to

afford such person full enjoyment of the premises…" 42 U.S.C. § 3604(f)(3)(A). Under the

FHAA, a reasonable modification is a structural change made to a dwelling and a reasonable

accommodation is a change, exception, or adjustment to a rule, policy, practice, or service.

To prevail on an FHAA claim, the plaintiff must establish the following elements: (1) that he or his associate is handicapped within the meaning of the statute and that the defendant knew or should have known this fact; (2) that an accommodation or modification is necessary to afford the handicapped person equal opportunity to use and enjoy the housing; (3) that such an accommodation is reasonable; and (4) that the defendant refused to make the requested accommodation. *See* 42 U.S.C. § 3604(f)(3); *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597 (4th Cir.1997). The plaintiff bears the burden of proving each of these elements by a preponderance of the evidence. *Id* at 603.

The determination is a fact-specific inquiry in each individual case. The necessary element "requires the demonstration of a direct linkage between the proposed accommodation and the "equal opportunity" to be provided to the handicapped person." *Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 604 (4th Cir. 1997). This is essentially a causation requirement. If the proposed accommodation does not directly relieve the effect of the disability, it cannot be said to be "necessary." *Id*. The FHAA does not require accommodations that provide an increased benefit or greater opportunity to persons with disabilities above those provided to a person without a disability with respect to matters unrelated to the disability. *Id*. at 604. In making the determination of reasonableness, courts may consider whether a requested accommodation complies with the requirements of a homeowners association as well as safety issues. *See Loren v. Sasser*, 309 F.3d 1296 (11th Cir. 2002). A court may also weigh the costs and benefits and consider the existence of alternatives to accomplish the benefits more efficiently. *Bryant Woods Inn, Inc.*, 124 F.3d at 604.

## Discussion

There is no dispute in this case that Jacob Scoggins is "handicapped" and is entitled to reasonable accommodations and modifications under the FHAA.[2]  There is likewise no real dispute that Defendants knew or should have known of his disability. Therefore, the discussion below focuses on whether the remaining elements necessary to succeed on an FHAA claim as delineated in *Bryant Woods Inn, Inc.*-- including necessity, reasonableness, and refusal to make an accommodation or permit a modification-- have been met in this case. *See Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 604 (4th Cir. 1997).

### 1. *The Court Grants Summary Judgment in Favor of Defendants as to the Ramp Request*

The Court grants summary judgment in favor of Defendants because Plaintiffs failed to show the necessity of the wheelchair ramp, and therefore lack a fundamental element of a successful FHAA claim.

To succeed on a FHAA claim, the plaintiff must satisfy the "necessary" requirement by demonstrating a direct link between the proposed accommodation and the equal opportunity to be provided to the person with a disability. *Bryant Woods Inn, Inc.*, 124 F.3d at 604. Currently, the Scogginses's home has a wheelchair access ramp which permits Jacob to enter and exit the home through the garage as well as a walk-out basement constructed to accommodate Jacob's disability. There is no dispute that this ramp provides him with full and unassisted access to the home, and Plaintiffs have not brought any evidence that placing a ramp on the exterior of the home would directly ameliorate the effect of the disability in a way that the current ramp does not. While having an additional ramp on the front of the home may be the Scogginses's

---

[2] Congress has adopted the term "disabled" rather than "handicapped" in similar legislation protecting individuals from discrimination such as the Americans with Disabilities Act, reflecting an "awareness that individuals with disabilities find the term "handicapped" objectionable." *Helen L. v. DiDario*, 46 F.3d 325, 330 n.8 (3rd Cir.1995). Therefore, this Court will use the terms "disabled" and "disability" rather than "handicapped" and "handicap," though the words are to be understood as co-terminous for the purposes of this Opinion. *See Evans v. UDR, Inc.* 644 F. Supp. 2d 675, 680 n.10 (E.D.N.C. 2009).

preference, it cannot be said to be causally connected to ameliorating the effect of Jacob's disability. Therefore, the accommodation cannot be said to be necessary.

Plaintiffs claim that the placement of an additional ramp is more than a matter of convenience because it would also provide an additional egress from the home in the event of a fire or other emergency. Plaintiffs argue that having this additional access point is a "legitimate justification for building a second access ramp." (Dkt. No. 85 at 29). It may well be. However, as the proposed ramp cannot be said to be a *necessary* modification to allow Jacob equal opportunity to enjoy access to his home, this Court finds no reason that the modification should not be subject to the process delineated in the Protective Covenants and the aesthetic approval of the Architectural Review Board. If Plaintiffs complete the process and provide the relevant details to the ARB, the ramp could be approved.

Plaintiffs claim that the Association's response to the ramp request constitutes a denial, and therefore a violation, because it demanded information that constitutes "unreasonable conditions" not required under the FHAA. Under the Fair Housing Amendments Act, "a violation occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings." *Bryant Woods Inn, Inc.*, 124 F.3d at 602. Defendants argue that the Association has never "refused" the ramp request, and "should be afforded the opportunity to complete the application process to make a decision before being sued." (Dkt. No. 72 at 20). Plaintiffs maintain that the Association's response itself should be a considered a denial because the Association responded by requesting information that is not contemplated by the Fair Housing Amendments Act and its implementing regulations. In this case, the Association responded promptly to the written submission for the modification submitted by the Scogginses in September of 2010 and there was no final denial.

Plaintiffs propose that the Court find a continuing violation dating back to 2003; however, the Court rejects that theory and finds that the statute of limitations of the FHAA bars all claims made before October 13, 2008. The FHAA statute of limitations states that:

> An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A). Plaintiffs propose that the continuing violation doctrine is applicable to an alleged "pattern and practice" of unlawful acts related to their attempts to obtain approval for the ramp. The Scogginses claim that their first request occurred in 2003 and began a pattern of the HOA denying ramp requests. Plaintiffs further claim that the older requests are factually disputed and not appropriate for summary judgment.

The continuing violation doctrine can apply in some FHAA cases. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982). "Continuing violations" are those occasioned by a continuing pattern of unlawful acts and not the ill effects from an original violation. *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 189 (4th Cir. 1999); *Moeske v. Miller and Smith, Inc.*, 202 F. Supp. 2d 492, 502 (E.D. Va. 2002). The purpose of the continuing violation theory is to "strike a balance" between the "reasonable" needs of individual claimants and the public interest in finality. *Id.* The narrow application of this doctrine prevents plaintiffs from "ignor[ing] [their] right to raise [their] complaints" within the statutory period, and forbids "stale claims" which could have been litigated at the time of the initial decision from being raised much later. *Id.* In this case, Defendants claim that they would be unfairly prejudiced by having to defend against verbal requests made many years before suit was filed and claims that this "strips away the very protections provided by the statute of limitations." (Dkt. 72 at 18). The

Court agrees with Defendants on this point. Even if the allegations of previous denials are presumed to have occurred and the requests are presumed to be both reasonable and necessary, the Court cannot find that these previous discrete instances constitute a pattern or practice such that the narrow exception to the statute of limitations applies.

For these reasons, summary judgment on the ramp request issue is GRANTED in favor of Defendants Lee's Crossing Homeowners Association and Jack H. Merritt, Jr.

**2. *The Court Grants Summary Judgment in Favor of Defendants as to the ATV Request.***

Defendants argue that the ATV accommodation was not safe for Jacob or for other members of the community and urge the court to conclude that the accommodation is not reasonable. Defendants also argue that the accommodation is not necessary because Jacob can move about the community using his car or motorized wheel chair or a specially equipped tricycle.

A housing provider may seek verification as to the necessity of the accommodation from a medical professional, but they may not step in to this role themselves. Likewise, they may not condition approval on whether there is evidence that Jacob can use the requested accommodation to the board's satisfaction. Defendants argue that "because the Scogginses offer no facts to show that Jacob can safely operate the ATV or to counter the [Defendants'] expert testimony of Mr. Kilpatrick, the Scogginses cannot carry their burden of demonstrating that the use of an ATV by Jacob is a reasonable accommodation, and their claim with regard to the ATV must be dismissed." (Dkt. No. 91 at 9). The Court agrees that the Plaintiffs have failed to meet their evidentiary burden.

The difficulty for the Plaintiffs in this case is their failure to produce evidence that a waiver of the ATV prohibition is necessary to ameliorate the effects of the disability. This Court is persuaded by the reasoning in *Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346 (E.D. Va. 2011), where the Court found that expert testimony was necessary to demonstrate "a direct linkage between the proposed accommodation and the equal opportunity to which a person with a handicap is entitled." *Id.* at 364; *see also Bryant Woods*, 124 F.3d at 604. In *Matarese*, the Court found that the Plaintiff failed to meet her burden in part due to the absence of an expert witness to provide testimony as to how a proposed accommodation would alleviate the disability when such a determination was not within the knowledge of a layperson. *Matarese*, 761 F. Supp. 2d at 365. Similarly in this case, Jacob states that he must use the ATV because the use of the wheelchair for extended periods would be "excessive wheeling" and may damage  his arms or shoulders. The Court finds that evidence about potential physical harm due to wheelchair use is not within the knowledge of a layperson, especially as compared with using a hand-operated vehicle such as an ATV. Plaintiffs have failed to produce competent evidence demonstrating that Jacob needs to use *an ATV specifically* on the roads in order to enjoy the community equally with other residents such that this request is "necessary" under the FHAA. This Court has closely examined the record and the only evidence supporting the disability-related need for the accommodation is the unsupported assertion of the Plaintiff (and his parents). The claim cannot survive on so little.

Critically, the HOA is entitled to consider the safety implications for other residents and guests of an off-road vehicle being used on the roads, balancing this consideration with the alternative accommodations that might have been made for Jacob. The relevant legal question is

whether the accommodation being requested alleviates the effects of the disability and can then be said to be necessary.

Further, the stated need for the accommodation has changed. The original request was made so that Jacob could visit the home of a neighbor several blocks away for part-time employment. This need was eliminated when the neighbor moved from the neighborhood more than one year ago. The need put forward now consists of a desire to travel around the neighborhood for recreational purposes. Jacob may already travel within the community by a specially adapted automobile, by manual wheelchair, by motorized wheelchair, and by a specially equipped tricycle. There has been no evidence presented that adding an ATV is therefore necessary.

Further, Plaintiffs have failed to demonstrate that the request is reasonable.

ATVs are not permitted in the Lee's Crossing Community according to its by-laws. While the roads within the community are private, they allow vehicles to travel up to 35 miles per hour. Defendants' expert also opined that ATVs should not be driven on roads, as the manufacturers also state, as they create a danger to the ATV driver and to the community members on the roads. Importantly, the Commonwealth of Virginia, per Virginia Code § 45.2-915.1 prohibits use of ATVs on public roads for safety reasons. Further, there is no evidence, expert or otherwise, that Jacob can operate an ATV safely. The Woodrow Wilson report, even if admissible, does not provide a basis for finding that the use of the ATV by Jacob is reasonable, as it does not demonstrate that Jacob could drive the ATV safely. A lack of expert testimony or a certificate with Jacob's qualification to drive the ATV safely is fatal to this prong of the test, especially in light of Mr. Kilpatrick's testimony to the contrary.

Defendants further assert that Plaintiffs' claims are premature, as the HOA has not declined to approve either request for accommodation. The Plaintiffs assert that the delays they suffered in adjudicating these requests were intentional and that it constitutes constructive fraud. The Court finds that although Defendants' actions constituted an unfortunate and undeserving delay in adjudicating the requests of a fellow homeowner, they did not constitute an intentional delay.

The evidence demonstrates that the Scogginses' written request for an accommodation to build an additional ramp in the front of their home occurred in August 2010 by e-mail and the written application was forwarded in September 2010. This application was responded to by the HOA within 30 days, and the HOA sought further information in its response. There is no dispute that the application was deficient or that the Plaintiffs failed to ever supplement it. Clearly, filing suit at this time was premature.

Similarly, the Scogginses' request for an accommodation for Jacob to operate the ATV was e-mailed to the HOA in May 2009. Although the HOA did not respond to the Scogginses for at least several months (over a year according to the Scogginses) the Board did hold public meetings on July 14, 2009, and September 17, 2009, where the issue was taken up. The Scogginses' lack of notice that the ATV issue would be addressed at these meetings and their failure to attend does not negate this evidence.

The Scogginses' second request for an accommodation for Jacob to operate the ATV came in September 2010, and even if the HOA e-mail of September 2010 asking for additional information was not received by the Scogginses as they assert, it was nonetheless premature for them to file suit on October 13, 2010.

14

Therefore, the Court finds that there was no constructive denial of the Scogginses' requests for accommodations and this lawsuit was filed prematurely.

The final issue to address in the motion is whether Jack Merritt, Jr., is individually liable for the HOA's conduct. This issue is ripe for decision as discovery is complete. The complete record reflects that Mr. Merritt exercised considerable influence over the board, but not to the extent he may legally be held liable for the HOA's actions regarding the Scogginses' accommodation requests.

It is clear that an officer or board member of the HOA cannot be held vicariously liable for the acts of the HOA unless the evidence shows that he or she acted with discriminatory intent. *See Martin v. Constance*, 843 F. Supp. 1321 (E.D. Mo. 1994). There is simply no evidence that Mr. Merritt acted with discriminatory intent while opposing the ATV or ramp requests for accommodations. Merely opposing the request or questioning at a board meeting whether Jacob could operate an ATV safely with his disability is insufficient as a matter of law. The May 20, 2010, e-mail also fails as a matter of law to raise a disputed issue of material fact as to his discriminatory intent. Therefore, Summary Judgment as to the individual claims asserted against Mr. Merritt is granted.

It is the Court's hope that the parties to this action and the members of the HOA will collectively agree to a process for moving forward should the Scogginses renew or request an accommodation for Jacob.

/s/

Liam O'Grady
United States District Judge

September 29, 2011
Alexandria, Virginia